extent private. In condemnation proceedings it must stand on its public and not its private rights. As a private corporation it can take not a foot of land without the "consent" of the owner. Condemnation proceedings are based on the want of consent.

The property is taken under the State's right of eminent domain and is in theory, at least, a taking by the State. When, therefore, the corporation undertakes to take the property of the owner in the right of the State, it must accept the right with all the limitations the State has seen fit to impose upon itself. There would be no equality if the condemning corporation were allowed all the rights that is granted to it by the State, as the right of the State, and all the rights of a private citizen. In condemnation proceedings the respondent stands solely upon the rights of the State to condemn private property for public use after compensation has first been paid or deposited.

The above answers all the questions properly before this Court.

For these reasons I dissent.

---

## 8574

## DILLARD v. DILLARD.

LIMITATION OF ESTATES—WILLS.—Under a devise to my wife "during her natural life and widowhood * * * and at her death or marriage, all the above mentioned property should be sold and equally divided between my three youngest children if living, if not living then to go back to my estate" upon the falling in of the life estate the land is vested in the youngest children surviving the life tenant as a class.

Before DeVore, J., Greenville, January, 1913. Affirmed.

Action by G. M. Dillard, *et al.,* against M. F. Dillard, as
executor of M. G. Dillard, and in his own right, H. L. Dillard *et al.* Plaintiffs appeal. The circuit decree is:

"M. G. Dillard, of Greenville county, died in February,
1876. He had been married twice. By the first marriage
he had nine children, and by the second marriage he had
three children, to wit: H. L. Dillard, Susie Dillard (now
Elmore) and J. D. Dillard. The last mentioned died several years ago, leaving a widow and several children, to wit:
Manning Dillard, Bessie Dillard (now Smith), Troy Dillard, Wm. Dillard and Herbert Dillard. The testator's
widow, Susan Dillard, died several months before the commencement of this action.

"M. G. Dillard left a will by which he gave to his wife,
Susan Dillard, the home tract of land containing 300 acres,
more or less, and certain household furniture, and other
personal property 'during her natural life and widowhood in
lieu of all claims of dower and all other claims in my estate;
and at her death, or marriage, all of the above-mentioned
property should be sold and equally divided between my
three youngest children, if living, if not living, then to go
back to my estate.'

"The controversy between the plaintiffs and the defendants relates to that share in the home place to which J. D.
Dillard would have been entitled had he lived. The plaintiffs contend that by the terms of the will, this share reverted
to the estate and passed under the seventh clause.

"The testator's purpose, as disclosed by the will, must
prevail even though it involve the rejection or addition of
words, or their restraint from their usual meaning. *Clark*
v. *Clark,* 19 S. C., 352.

"It is clear that the first objects of the testator's bounty,
so far as concerns the property involved in the first clause
of the will, were his wife, Susan Dillard, and her three
minor children. The limitation over in favor of the chil-

dren by the first marriage was to take effect only in case the three youngest children were not living. The executor was directed to sell the land for the purpose of division among the youngest children; but the limitation over was of the land itself, and not of the proceeds of the land or a share in such proceeds. Clearly, these provisions were alternative in their character. On the falling in of the life estate one or the other was to take effect. If the three youngest children were living the land was to be sold and divided among them; if they were not living, the land was to go back to the estate and be divided among the children of the first marriage. The contingency upon which the first limitation was to fall and the limitation over was to arise was the death of the youngest set of children at the falling in of the life estate. The expression 'if not living' clearly has reference to the youngest children collectively and not individually. The limitation over is upon their death.

"The testator dealt with the two sets of children as constituting two classes, or with the younger set collectively. The estate given to the younger set of children was to be defeated only in case they were not living; that is, only in case none of them were living. *Stewart* v. *Sheffield,* 13 East 526; *Kersh* v. *Yongue,* 7 Rich. Eq. 100; *Schaffer* v. *Keitell,* 14 Allen 528.

"The limitation over was to take effect on the death of the three youngest children. It was not intended to become operative while any of these younger children were living. *Shank* v. *Mills,* S. C. 2-358; *Seabrook* v. *Mikell,* Chev. Eq. 80.

"It follows from what has been stated that the limitation over has not taken effect and that the plaintiffs can claim nothing under his will.

"H. L. Dillard and Susie Elmore, the survivors of the three youngest children, have by their answer, consented that any interest which they may have in the share which would have gone to J. D. Dillard had he lived, be vested in

his widow and children. It is, accordingly, so decreed, and
it is declared by the judgment of this Court that such inter-
est which they, the said H. L. Dillard and Susie Elmore,
may have in the share which would have gone to J. D. Dil-
lard be, and the same is hereby, vested in the widow and
children of the said J. D. Dillard.

"In view of what has just been said, it would be idle to
discuss the question as to whether under the limitations of
the will the share of J. D. Dillard passed to his representa-
tives or to the survivors of the class designated as the three
youngest children.

"It is, therefore, ordered and decreed that the widow and
children of J. D. Dillard, take among them the one-third
interest in the proceeds of the sale of said lands, that is,
unto the widow, Minnie Dillard, an interest equal to one-
third, and the remaining two-thirds to be equally divided
among the children, to wit: Manning Dillard, Bessie Smith,
Troy Dillard, Wm. Dillard and Herbert.

"It is further ordered that the plaintiffs pay the cost of
this proceeding."

*Messrs. McCullough, Martin & Blythe,* for appellants,
cite: *The surviving brother and sister cannot take under the
doctrine of cross limitations;* Moorman's Lim. of Estates
44, 45; 21 S. C. 513; 23 S. C. 224; 57 Am. St. R. 533; 67
L. R. A. 146; 72 S. C. 184. *Interest of deceased brother is
not transmissible to his heirs at law:* 16 Cyc. 309; 40 Cyc.
1660, 1683; Moorman's Lim. Estates 23; 87 S. C. 64; 23
S. C. 216; 26 S. C. 472; 25 S. C. 359. *Equitable con-
version:* 9 Cyc. 835, 837, 829.

*Messrs. Haynsworth & Haynsworth, contra,* cite: *Purpose
of testator must prevail:* 19 S. C. 352; 4 S. C. 76. *Property
converted into personalty:* 23 S. C. 513. *Gift to class:*
Jarman on Wills 534; 14 Allen 528; 25 S. C. 358; 59 S. C.

4; 2 McCh. 256, 440; 3 Jarman 372; 13 East 526; 7 Rich. Eq. 100; 99 Mass. 191.

June 10, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The decree of the Circuit Court is affirmed for the reasons therein stated.

---

8577

GILL v. RUGGLES.

1. SLANDER—EVIDENCE.—In an action of slander statements made by defendant derogatory of plaintiff's character at times other than those alleged in the complaint is competent on the issue of malice.

2. IBID.—IBID.—OPINION.—In such an action, after a witness has stated the words used by defendant he may give his opinion as to whether defendant was friendly to him.

3. IBID.—JUSTIFICATION.—The answer in this case having been treated by plaintiff and the Court as an unqualified plea of justification and the Court so having treated it in his charge without the defense having called his attention to a misstatement of the issues and the answer being much involved, the defendant will not now be heard to say the instruction of the Court as to the effect of failure to prove the plea of justification was erroneous.

MR. JUSTICE FRASER, the CHIEF JUSTICE concurring, dissents.

4. CRIMES.—GRAFTING is the fraudulent acquisition of property by using official position for personal gain, and is the statutory crime of breach of trust with fraudulent intent in its worst form.

5. CHARGE—REQUEST.—The beginning of a request "It appears" was properly changed to "If it appears" where the proof is not conclusive of the facts referred to.

6. SLANDER.—In an action of slander, the jury may consider in mitigation of damages whether the defendant made the statements on information which he believed to be true.

Before DEVORE, J., Marion, April term, 1912. Affirmed.